UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| TAUSHA GRESHAM,<br><br>    Plaintiff,<br><br>V.<br><br>BARROW COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Tausha Gresham, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Barrow County School District ("Defendant" or "Barrow County"), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

2. This Court has personal jurisdiction over the parties of this action because a substantial portion of the employment practices described herein were committed

within Barrow County, Georgia.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Barrow County, Georgia.

6. Defendant is a political subdivision organized under the laws of the State of Georgia, and is therefore subject to this Court's Jurisdiction.

7. Defendant may be served by delivering a copy of the Complaint and Summons to its Superintendent, Dr. Chris McMichael, located at 179 West Athens Street, Winder, GA 30680.

8. Defendant is subject to the requirements of Title VII.

9. Plaintiff received his Notice of Right to Sue from the Equal Employment and Opportunity Commission (EEOC) and files this Complaint within the ninety (90) days prescribed. *See Ex. 1*.

## III. FACTUAL ALLEGATIONS

10. Ms. Gresham worked as the Assistant Superintendent for Human Resources with the Barrow County.

11. Ms. Gresham was one of five (5) Assistant Superintendents working under the supervision of Dr. Chris McMichael, District Superintendent for Barrow County.

12. Ms. Gresham was the only African-American Assistant Superintendent.

13. In September 2016, after Ms. Gresham became engaged to her now-husband, Dr. McMichael asked for her assurance that she will continue working for Barrow County because he did not want to "lose" her.

14. On November 15, 2016, Ms. Gresham met with Dr. McMichael and complained that another Assistant Superintendent, Ms. Jennifer Houston, treated her differently than Caucasians employees.

15. Specifically, Ms. Houston spoke to Ms. Gresham in a more aggressive manner than she spoke to similarly situated Caucasians.

16. Ms. Houston also submitted several complaints to Mr. McMichael regarding Ms. Gresham.

17. Upon information and belief, these complaints were without a factual basis.

18. Upon information and belief, Ms. Houston did not submit similar complaints against similarly situated Caucasians.

19. On November 28, 2017, Dr. McMichael suspended Ms. Gresham indefinitely.

20. Prior to her suspension, Ms. Gresham had not received any disciplinary action, reprimands, or counseling for conduct or performance deficiencies.

21. On or about December 3, 2016, Ms. Gresham took FMLA leave for high blood pressure and stress related to this suspension and Ms. Houston's treatment of her.

22. On May 15, 2017, Barrow County gave Ms. Gresham formal notice that her contract would not be renewed, ending her employment with Barrow County on June 30, 2017.

23. In the interim, Barrow County did not permit Ms. Gresham to return to work.

24. Barrow County replaced Ms. Gresham with a Caucasian employee.

## IV.  CLAIMS FOR RELIEF

### COUNT I: TITLE VII RACE DISCRIMINATION

25. Plaintiff incorporates by reference paragraphs 1-24 of her Complaint as if fully set forth herein.

26. Plaintiff is a member of a protected class by virtue of her race, African-American.

27. Plaintiff's performance as Assistant Superintendent of Human Resources

met her employer's legitimate expectations.

28. Defendant's suspension of Plaintiff on November 28, 2016, constitutes an adverse action.

29. Defendant's termination of Plaintiff on May 15, 2017 constitutes an adverse action.

30. Defendant did not permit Plaintiff to work between the dates of these two adverse actions.

31. Defendant's decision to terminate Plaintiff and replace her with a Caucasian employee constitutes circumstantial evidence of race discrimination.

32. Defendant suspended Plaintiff and retained Ms. Houston after learning of a dispute between the two employees, thereby raising an inference of race discrimination.

33. Defendant terminated Plaintiff and retained Ms. Houston after learning of a dispute between the two employees, thereby raising an inference of race discrimination.

## COUNT II: TITLE VII RETALIATION

34. Plaintiff incorporates by reference paragraphs 1-33 of her Complaint as if fully set forth herein.

35. Plaintiff made a protected disclosure under Title VII by complaining to Dr.

McMichael that Ms. Houston treated her differently due to race on November 15, 2016.

36. Upon information and belief, Defendant failed to take any prompt remedial action after learning of Gresham's complaint.

37. Defendant's failure to take prompt remedial action constitutes a ratification of Houston's discriminatory actions against Gresham.

38. Defendant's suspension of Plaintiff on November 28, 2016, constitutes an adverse action.

39. Defendant's termination of Plaintiff on May 15, 2017 constitutes an adverse action.

40. Defendant did not permit Plaintiff to work between the dates of these two adverse actions.

41. The temporal proximity of Plaintiff's protected disclosure and the adverse actions raises an inference of causation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII, to exceed $25,000; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 21st of December, 2018.

THE KIRBY G. SMITH LAW FIRM, LLC

  s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 21st of December, 2018.

THE KIRBY G. SMITH LAW FIRM, LLC

   s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

Respectfully submitted this 21st of December, 2018.

                        THE KIRBY G. SMITH LAW FIRM, LLC

                          s/Kirby G. Smith
                        Kirby G. Smith
                        Georgia Bar No. 250119
                        *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com